**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**LOUIS G. SHAVERS, JR.**  **PLAINTIFF**
**ADC #110167**

VS.     CASE NO.: 5:09CV00024 JLH/BD

**RICKY TONEY, Warden,**
**Randall Williams Correctional Facility**  **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections:**

The following Recommended Disposition has been sent to Chief United States District Judge J. Leon Holmes. Any party may file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If an objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A-149
Little Rock, AR 72201-3325

**II.    Backgroud:**

Plaintiff, who is incarcerated at the Maximum Security Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2) under 42 U.S.C. §1983, along with an Application for Leave to Proceed *In Forma Pauperis* (#1). For the following reasons, the Court recommends that Plaintiff's Complaint (#2) be DISMISSED with prejudice, and that his Application for Leave to Proceed *In Forma Pauperis* (#1) be DENIED as moot.

**III.   Discussion:**

Plaintiff is serving a sentence of life without parole as a result of his capital murder conviction in 1997. He alleges that he had $621.00 in his shoes when he was arrested on June 4, 1995 or 1996. Plaintiff states that the Pine Bluff Police Department gave him a receipt for the money, but that the jail never returned the money to him. Plaintiff names Warden Ricky Toney as the only defendant in this matter.

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. In this case, Plaintiff alleges that he was deprived of money, which is personal property.

In *Hudson v. Palmer*, 468 U.S. 517, 529-30, 104 S.Ct. 3194 (1984), the United States Supreme Court held that when a state actor deprives a person of personal property,

the person does not have a Due Process § 1983 claim if state law provides an adequate post-deprivation remedy. The State of Arkansas provides such a remedy through the Arkansas Claims Commission. See ARK. CODE ANN. § 19-10-204(a) (vesting the Arkansas State Claims Commission with "exclusive jurisdiction over all claims against the State of Arkansas and its several agencies, departments and institutions"). Accordingly, Plaintiff has not presented a cognizable Due Process claim.

Even if Plaintiff had stated a claim for violation of his right to Due Process, his claim would be time barred. Plaintiff filed this action under 42 U.S.C. § 1983 on January 27, 2009 (#2). A three-year statute of limitations applies to § 1983 actions filed in Arkansas. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir.2001); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992). Plaintiff's allegation that money was confiscated from him in 1995 or 1996 falls well outside the three-year limitations period.

Furthermore, Plaintiff states that he has not previously filed an action related to the confiscation of money (#2, III.A.). Without the filing of a previous action, Plaintiff's claim cannot be timely based on the Arkansas savings statute. ARK. CODE ANN. § 16-56-126. Accordingly, pre-service dismissal under 28 U.S.C. § 1915A is appropriate.

**IV.   Conclusion:**

The Court recommends that Plaintiff's Complaint (#2) be DISMISSED with prejudice, and that his motion for leave to proceed *in forma pauperis* (#1) be DENIED as moot. In addition, the Court recommends that the dismissal count as a "strike" for

purposes of 28 U.S.C. § 1915(g), and that the District Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action would be frivolous and not taken in good faith.

DATED this 30th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE